IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-285 |
| | ) | |
| ANTHONY JOHNSON, JR. | ) | |

OPINION

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Anthony Johnson, Jr. ("petitioner"). For the following reasons, petitioner's motion will be denied.[1]

On May 13, 2009, a grand jury returned a three-count superseding indictment charging petitioner with: possession with intent to distribute 5 grams or more of cocaine base (crack) on August 23, 2007, (count one); possession with intent to distribute 5 grams or more of cocaine base (crack) on March 5, 2008, (count two); and, carrying a firearm during and in relation to, and

---

[1] Also pending is petitioner's "motion for appointment of counsel upon an evidentiary hearing." (Document No. 173). This motion also will be denied. It long has been established that there is no federal constitutional right to counsel when mounting a collateral attack upon a criminal conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nor is there any statutory basis to appoint counsel for defendant pursuant to 18 U.S.C. §3006A(a). While a court *must* appoint an attorney to represent a §2255 petitioner who qualifies under §3006A when an evidentiary hearing is warranted on his motion, and *may* provide representation at any stage of a §2255 proceeding "[w]henever ... the court determines that the interests of justice so require," see §3006A(a)(2)(B) and Rule 8(c) of the Rules Governing §2255 Proceedings, there is no basis for such a determination in this case. Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d. 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In this case, for the reasons set forth in this opinion, the record affirmatively establishes as a matter of law that petitioner's claims for relief are without merit. Because no evidentiary hearing is required, and the interests of justice otherwise do not require it, petitioner's motion for appointment of counsel upon an evidentiary hearing will be denied.

possessing a firearm in furtherance of, the drug trafficking crime charged in count two on March 5, 2008. (count three).[2]

Following petitioner's arraignment on the charges set forth in the superseding indictment, the court appointed Thomas Brown, Esq., to represent petitioner.[3] Attorney Brown subsequently filed 15 pretrial motions on petitioner's behalf including, *inter alia*, a motion to dismiss,[4] arguing that count three of the superseding indictment was duplicitous and that the filing of the superseding indictment was "vindictive," a motion to suppress and numerous discovery motions. Following a motions hearing, the court issued an opinion ruling on petitioner's pretrial motions, which, in particular, denied both the motion to dismiss and the motion to suppress.

At the conclusion of a four-day trial, petitioner was found guilty by jury verdict of all three counts charged in the superseding indictment and subsequently he was sentenced to a term of imprisonment of 120 months, consisting of 60 months at each of counts one and two, to be served concurrently, and 60 months at count three, to be served consecutively to the terms imposed at counts one and two. Petitioner filed a direct appeal to the United States Court of Appeals for the Third Circuit, which affirmed petitioner's judgment of conviction and sentence.

---

[2] Petitioner originally was charged in a two-count indictment with possession with intent to distribute 5 grams or more of cocaine base (crack) on March 5, 2008, and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, that drug trafficking crime. The superseding indictment added a new count one charging possession with intent to distribute 5 grams or more of cocaine base (crack) on August 23, 2007, while the charges set forth in the original indictment at counts one and two were re-charged at counts two and three of the superseding indictment.

[3] During the course of the criminal proceedings in this case, petitioner was represented by six different court-appointed attorneys: William McCabe, Esq.; Assistant Federal Public Defender Elisa Long; Arnold Klein, Esq.; Patrick Thomassey, Esq.; Thomas Brown, Esq.; and Lee Markovitz, Esq., who was appointed by the United States Court of Appeals to represent petitioner on direct appeal. Attorneys Klein and Thomassey were removed due to potential conflicts of interest while Attorney McCabe and AFPD Long were removed at petitioner's behest. Petitioner also made 3 unsuccessful attempts to have Attorney Brown removed from his case. The allegations of ineffectiveness raised by petitioner in his §2255 motion have been levied against Attorney Brown and Attorney Markovitz only.

[4] This motion incorporated a motion to dismiss indictment previously filed by petitioner *pro se*.

Petitioner filed the pending §2255 motion essentially asserting three grounds for relief: (1) that his trial counsel was ineffective in failing to file a pre-trial motion to sever count one from counts two and three; (2) that the court's jury instructions were erroneous; and, (3) that his appellate counsel was ineffective both for failing to raise a severance argument and for not challenging the court's jury instructions.

Upon due consideration of petitioner's motion, the government's response, and petitioner's reply, as well as the record as a whole, the court finds that petitioner is not entitled to relief under §2255.

### Factual Background

The charge at count one of the superseding indictment arose from a traffic stop conducted by the Aliquippa Police around 2:00 a.m. on August 23, 2007. Aliquippa Police Sergeant Robert Sealock was on routine patrol with another officer when he observed a Buick Sedan pull in front of the patrol vehicle. Loud music was emanating from the vehicle, which also had dark-tinted windows. Sealock initiated a traffic stop because the tinted windows constituted a violation of the Pennsylvania Motor Vehicle Code.[5]

As Sealock approached the car, he observed petitioner leaning from the driver's seat toward the passenger side. When Sealock addressed him, petitioner appeared nervous, and was sweating and stuttering. Sealock recognized petitioner based upon prior encounters with him and was aware that he had been involved in several incidents involving firearms and that he associated with drug traffickers. Sealock noticed an open box of plastic sandwich baggies inside the car, which, based on his training and experience, he knew are sometimes used to package narcotics.

---

[5] 75 Pa.C.S.A. §4524(e) prohibits the operation of a vehicle with "any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle."

Sergeant Sealock asked petitioner to step out of the car. Upon conducting a patdown of petitioner's outer clothing, Sealock felt a large bulge in petitioner's right pocket, which, based on his experience, felt like crack cocaine. He retrieved a sandwich baggie from petitioner's right pocket and placed him under arrest. Sealock opened the baggie and counted eighty-seven individually wrapped rocks, which were weighed at 8.2 grams and confirmed to be crack cocaine by the Pennsylvania Police Crime Lab. Also found on petitioner were a cell phone and $160. The Buick was inventoried and no drug use items, such as crack pipes, were found in the car or on petitioner's person.

The charges at counts two and three of the superseding indictment arose from another traffic stop conducted by Sergeant Sealock on March 5, 2008. While responding to a call for back-up on an unrelated traffic stop, Sealock and another officer observed an Oldsmobile Alero pass a vehicle in a no-passing zone. Sealock activated the patrol car's lights. The Alero did not move over but instead accelerated, traveling approximately 50 miles per hour in a 25 mile per hour speed zone and speeding through a stop sign. The Alero eventually pulled over and Sealock nudged it with his police car. Petitioner was driving the Alero and was the lone occupant of the vehicle.

Petitioner jumped out of the Alero and proceeded toward the middle of the road with Sealock in pursuit. Sealock caught petitioner and placed him under arrest. A pat-down search of petitioner found three cell phones. Officer Eric McPhilomy arrived on the scene and informed Sealock that he had seen crack cocaine inside the Alero. Sealock then looked inside the Alero with a flashlight and observed a piece of suspected crack cocaine inside a plastic baggie on the floor in front of the driver's seat. Sealock and McPhilomy took photographs of the scene and then had the Alero towed to a garage.

A subsequent search of the Alero pursuant to a warrant resulted in the discovery of crack cocaine in a sandwich baggie and a handgun. The weapon was found under the driver's seat, with the handle facing towards the front of the car, in close proximity to the baggie of crack cocaine.[6] The handgun had been reported as stolen from a private residence, and is a firearm as defined by 18 U.S.C. § 921(a). A live magazine was inside the firearm with one round inside the chamber, operable and ready to fire. Petitioner did not have a license to carry a firearm nor a valid sportsman's firearms permit under Pennsylvania law.

## Standard of Review

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

## Discussion

**A.    Ground One - Ineffective Assistance of Counsel**

Petitioner's first ground for §2255 relief is that his trial counsel, Attorney Brown, was ineffective in failing to file a pre-trial motion to sever. Petitioner avers that count one of the superseding indictment was improperly joined with counts two and three because there was no

---

[6] It later was learned that the owner of the Alero was petitioner's girlfriend, Lakeya Whatley. Whatley had been driven to the hospital in the Alero by petitioner on March 4, 2008, where she delivered a baby. Petitioner had possession of the Alero throughout March 5, 2008. Whatley denied ownership of the crack and the firearm found in her car.

transactional nexus between those counts. He further argues that, at a minimum, he was prejudiced by Attorney Brown's failure to file a motion for relief from prejudicial joinder under Fed.R.Crim.P. 14(a). The court finds no merit to this claim.

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and, (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must establish both prongs of the inquiry, for "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

The first prong requires the petitioner to demonstrate that counsel's performance was deficient. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. Id. at 690. The petitioner has the burden of overcoming the strong presumption that counsel was effective. Id. at 689.

If deficient performance is established, the second prong of the Strickland analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To satisfy this test, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694.

AO 72
(Rev. 8/82)

"[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies ... [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 696-697. Here, because petitioner cannot show prejudice arising from Attorney Brown's failure to file a severance motion,[7] his first §2255 claim fails as a matter of law.

As already noted, to satisfy the second prong of the Strickland test, petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. 466 U.S. at 694. Thus, in the case at bar, petitioner must show that he likely would have prevailed on a motion to sever and that, having prevailed, there is a reasonable probability that he would not have been convicted. *See, e.g.*, Thomas v. Varner, 428 F.3d 491, 502 (3d Cir. 2005). Petitioner can show neither.

First, petitioner cannot show prejudice arising from the failure to file a severance motion because he is unlikely to have prevailed on such a motion. Under Fed.R.Crim.P. 8(a), offenses may be joined if they "are of the same or similar character, *or* are based on the same act or transaction, *or* are connected with or constitute parts of a common scheme or plan." (emphasis added). "'Although the standards of Rule 8(a) and 8(b) [governing joinder of defendants] both require a 'transactional nexus' between the offenses or defendants to be joined, Rule 8(a) is more permissive than Rule 8(b) because Rule 8(a) allows joinder on an additional ground, *i.e.*, when the offenses

---

[7] The court is *not* making a finding that Attorney Brown's performance was deficient in any respect, but merely will accept petitioner's allegation for purposes of evaluating prejudice under the Strickland analysis.

are of the same or similar character.'" United States v. Green, 2014 WL 1587965 at * 2 (3d Cir., April 22, 2014)(*quoting* United States v. Irizarry, 341 F.3d 273, 287 n. 4 (3d Cir. 2003)).

Here, count one properly was joined with count two because they are offenses of the same or similar character. Count one and count two both are based on similar conduct, petitioner's possession of crack cocaine in a vehicle, and implicate the same criminal statute, *i.e.*, 21 U.S.C. §§841(a)(1) and (b)(1)(B)(iii). Because counts one and two are similar but for the fact they involve controlled substances found in different vehicles on different dates, they properly were joined under Rule 8(a). *See* United States v. Kennedy, 354 Fed.Appx. 632, 639 (3d Cir. 2009)(joinder was proper where charges were identical except they involved controlled substances found in different locations). Nor does the fact that the offense charged at count two involved a firearm, but the offense charged at count one did not, render the counts dissimilar, as petitioner now contends. *See* United States v. Scott, 266 Fed.Appx. 206, 208 (3d Cir. 2008)("it is beyond cavil that the drug and weapons charges stemming from [defendant's] ... arrest for distribution of crack cocaine are of 'similar character' to the drug charges stemming from his activities with [his co-defendant]" none of which involved weapons). Accordingly, petitioner would not have prevailed on a motion to sever based on improper joinder under Rule 8(a).

Nor can petitioner show that the outcome of the trial would have been different had Attorney Brown filed, and had the court granted,[8] a motion for relief from prejudicial joinder under

---

[8] The court would not have been inclined to grant a motion to sever asserting prejudicial joinder under Fed.R.Crim.P. 14(a) even had Attorney Brown filed one prior to trial. Recognizing a preference for joint trials, severance under Rule 14 is to be granted "only if there is a serious risk that a joint trial will compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 538-39 (1993). Had the court been presented with a motion to sever under Fed.R.Crim.P. 14(a) in this case, it would have been denied because the danger that the jury might confuse the different counts easily was preventable with a proper limiting instruction that the jury was to give separate consideration to each separate charge, *see* Zafiro, 506 U.S. at 539 (limiting instructions often suffice to cure any risk of prejudice), and the evidence pertaining to count one likely would have been admissible in a separate trial of count two, and vice versa, *see, e.g.*, United States v. Dileo,

Fed.R.Crim.P. 14(a), which provides, "[i]f the joinder of offenses ... appears to prejudice a defendant ... the court may order separate trials of counts ... or provide any other relief that justice requires."

To prevail on a severance claim, a defendant must "pinpoint clear and substantial prejudice resulting in an unfair trial." United States v. McGlory, 968 F.2d 309, 340 (3d Cir.1992). This requires more than showing "severance would have increased the defendant's chances of acquittal." McGlory, 968 F.2d at 340. Rather, "the question of prejudice hinges upon 'whether the jury will be able to compartmentalize the evidence ... in view of its volume and limited admissibility.' " United States v. Walker, 657 F.3d 160, 170 (*quoting* United States v. Davis, 397 F.3d 173, 182 (3d Cir.2005)). Importantly, because juries are presumed to follow instructions, jury instructions are "persuasive evidence that refusals to sever did not prejudice [a defendant]." Id. at 171 (*citing* United States v. Lore, 430 F.3d 190, 206 (3d Cir.2005)).

Here, petitioner summarily states that the joinder for trial of the offense charged at count one with the offense charged at count two led to his conviction of the offense charged at count three. Even assuming that was true, however, "the potential for the type of prejudice ... of which [petitioner] complains is the same potential for prejudice that every criminal defendant faces when multiple counts are tried together." United States v. Williams, 504 Fed.Appx. 207, 212-13 (3d Cir. 2012), and this argument does no more than suggest that severance would have increased his chances of acquittal, which is not sufficient to meet the prejudice standard under Rule 14(a). United States v. Green, 2014 WL 1587965 at * 4 (3d Cir., April 22, 2014).

---

859 F. Supp. 940, 944 (W.D. Pa. 1994)(in cases where "evidence of each of the joined offenses would be admissible in a separate trial for the other", concerns about cumulation of evidence and inference of a criminal disposition are "largely absent.").

Moreover, petitioner has advanced nothing beyond mere conjecture to show that the jury was unable to compartmentalize the evidence as to each count. Here, the evidence as to each count was quite discrete, as the incident underlying count one occurred on a separate date than the incident underlying counts two and three, and the jury explicitly was instructed that they were to consider each count separately and return a separate verdict of guilty or not guilty for each count.[9] Green, 2014 WL 1587965 at *4. Because there is no indication that the jury was unable to compartmentalize the evidence supporting each count, and the jury was given a proper limiting instruction to that effect, petitioner cannot establish prejudice arising from the joint trial of count one with counts two and three. Finally, petitioner can show no prejudice because there was more than ample evidence of defendant's guilt as to each count of the superseding indictment. *See, e.g.,* United States v. Dolbin, 457 Fed.Appx. 112, 115 (3d Cir. 2012)(given ample evidence of defendant's guilt, there was no reasonable probability that severance would have resulted in acquittal); Scott, 266 Fed.Appx. at 209 (no prejudice where evidence was "strong, if not overwhelming").

"There is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984). Here, petitioner has not shown that the alleged error of Attorney Brown in not filing a motion to sever deprived him "of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Accordingly, because petitioner has failed to establish any prejudice arising from the alleged deficient performance of Attorney Brown in failing to file a severance motion, his ineffective assistance of counsel claim fails as a matter of law.

---

[9] Specifically, the jury was instructed that "[w]hether you find the defendant guilty or not guilty as to a count should not necessarily affect your verdict as to any other count. Except if you find the defendant not guilty at Count Two, he must also be found not guilty at Count Three." (Official Transcript of Proceedings held on March 10, 2010, Doc. No. 160 at 134)

B.     **Ground Two - Erroneous Jury Instruction**

Petitioner's second ground for §2255 relief is that the court's jury charge was "fatally flawed" because it "improperly commingled" counts one and two of the superseding indictment, thereby confusing the jury as to which of those two drug trafficking crimes count three referred. In essence, he contends that this confusion may have led the jury to conclude that he carried a firearm during and in relation to, or possessed a firearm in furtherance of, the drug trafficking crime charged at count one, rather than the drug trafficking crime charged at count two. Because petitioner did not object to the court's jury charge on this ground at trial, nor raise this claim on direct review, he is procedurally barred from raising it for the first time in a §2255 motion.

The United States Supreme Court has held that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' *and* actual 'prejudice', *or* that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (emphasis added). Prejudice must be substantial, such that the integrity of the entire trial was infected. *See* United States v. Frady, 456 U.S. 152, 170 (1982). Here, petitioner asserts ineffective assistance of counsel as "cause" for his failure to raise this claim either at trial or on direct appeal. Because the jury instructions were not erroneous, however, petitioner can establish neither ineffective assistance as cause to raise the issue nor actual prejudice under Bousley.

It is well-settled that "[j]ury instructions 'may not be evaluated in artificial isolation,' but rather 'must be evaluated in the context of the overall charge.'" United States v. Berrios, 676 F.3d 118, 137 (3d Cir. 2012) (citations omitted). Thus, even a jury instruction "that appears erroneous on its own may be remedied by the balance of the court's instructions." Id.

Here, petitioner contends that it was error for this court, after reading count one of the superseding indictment verbatim, to instruct the jury that "Count two of the indictment is identical to Count one, except that it charges defendant with possession with intent to distribute 5 grams or more or cocaine base in the form commonly known as crack on March 5, 2008." (Doc. No. 160 at 135). Petitioner does not argue that this charge incorrectly states the law, but instead argues that it is confusing because it instructs that counts one and two are "identical" when in fact they charge crimes committed on different dates.

There is nothing erroneous about the charge as given as the challenged language clearly states that count two is identical to count one "*except*" that it charges possession with intent to distribute on March 5, 2008, rather than on August 23, 2007. This statement is accurate - but for the dates of possession, every single word of count one is the same as every single word of count two, and both counts charge violations of the same provision of the United States Code. Although for the sake of brevity the court did not read count two verbatim, a copy of the indictment nevertheless was provided to the jurors for use in their deliberations, to which they could have referred if they had any question as to the charge set forth at count two.

The challenged language also must be read in the context of the entire charge, as the elements that the government had to prove at both counts one and two were the same. Thus, in order to prevent any confusion in this regard, the court repeatedly made clear that each element had to be shown "as to <u>each</u> of counts one and two." (Doc. No. 160 at 136; 137; 138; 139; 140; 141). As a result, the court does not believe there is any possibility that the isolated language about which petitioner now complains in any way could have caused the jurors to confuse the offenses charged at counts one and two.

Curiously, despite his accusation that the court's charge "commingled" counts one and two, petitioner does not argue here that the challenged language caused the jury to confuse the offenses charged in those two counts. Instead, he suggests that the court's instruction somehow confused the jurors as to which of the two drug trafficking offenses charged at count one and two that count three referred. This argument is baseless, as the court repeatedly advised the jury throughout the instructions that count three related to the drug trafficking offense charged at count two of the superseding indictment.

The jury initially was advised that they were to consider each count separately and return a separate verdict of guilty or not guilty for each count. (Doc. No. 160 at 134). Specifically, they were instructed that "[w]hether you find the defendant guilty or not guilty as to a count should not necessarily affect your verdict as to any other count. Except if you find the defendant not guilty at Count Two, he must also be found not guilty at Count Three." (Id.). The court read count three of the indictment verbatim to the jury, which plainly charges that petitioner carried the firearm during and in relation to the drug trafficking crime "*alleged in count two*" and knowingly possessed "said firearm in furtherance of said drug trafficking crime." (Id. at 141). The jury was instructed that they were required to find unanimously that petitioner either carried a firearm "during and in relation to the drug trafficking crime *charged at count two*" or that he possessed a firearm "in furtherance of the drug trafficking crime *charged at count two*." (Id. at 142).

The jury also was advised that if they found petitioner not guilty at count two they also were required to find him not guilty at count three. (Id. at 143). And, as to each of the three elements relating to each of the two alternative ways in which petitioner could be found guilty at count three, the court reiterated that count three referred to the "drug trafficking crime *charged at count two*." (Id. at 144; 145; 147). In total, the jury was instructed on no fewer than nine occasions that count

three referred to the drug trafficking crime charged at count two. Furthermore, as already noted, the jury had a copy of the superseding indictment with them for reference if they had any doubt as to which drug trafficking offense count three referred.

Reading the charge as a whole, the court is satisfied that there is no possibility that the charge engendered so much confusion on the part of the jurors that they inadvertently found petitioner carried a firearm during and in relation to, or possessed a firearm in furtherance of, the charge set forth at count one rather than the charge set forth at count two, and petitioner has offered nothing more than unsupported conjecture to the contrary. Because the charge was proper, petitioner cannot show prejudice from the failure of either of his attorneys to raise this meritless challenge, nor the prejudice that would be necessary to overcome his procedural default of this claim under Bousley.[10] Accordingly, petitioner is not entitled to §2255 relief on this claim.

### C. Ground Three - Ineffective Assistance of Appellate Counsel

Petitioner's final ground for §2255 relief is that his appellate counsel, Attorney Markovitz, was ineffective in failing to raise on direct appeal a severance argument and for failing to challenge the court's jury instruction. This argument likewise has no merit.

Due process entitles a criminal defendant to the effective assistance of appellate counsel on direct appeal, Evitts v. Lucey, 469 U.S. 387, 394 (1985), and the two-prong Strickland standard likewise applies to a claim that appellate counsel was ineffective. Smith v. Robbins, 528 U.S. 259, 285 (2000).

---

[10] Nor has petitioner made any showing of actual innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (*quoting* Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Here, the Third Circuit Court of Appeals found on direct appeal that the evidence was sufficient to support petitioner's conviction at each count.

However, the right to appellate counsel "is limited to the first appeal as of right ... and the attorney need not advance every argument, regardless of merit, urged by the appellant." Evitts, 469 at 394. "Neither [Anders v. California, 386 U.S. 738 (1967)] nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Id. at 751-52.

Here, Attorney Markovitz obviously made a tactical decision to pursue on appeal the arguments which, in his professional judgment, he deemed to have the greatest chance for success, and this court will not second-guess that decision. In any event, petitioner cannot show prejudice from the decision of Attorney Markovitz to raise either a severance issue or a challenge to the court's jury instruction because, as just explained, neither of these issues has merit and there is little likelihood that the appellate court would have reversed and ordered a new trial had either been raised on direct appeal. United States v. Mannino, 212 F.3d 835, 844 (3d Cir. 2000)(test for prejudice under Strickland is whether the court of appeals likely would have reversed and ordered a remand had the issue been raised on direct appeal not whether the petitioner likely would prevail upon remand); *see also* United States v. Ellis, 156 F.3d 493, 498 n. 7 (3d Cir. 1998)(duty of district court in charging jury satisfied by clear articulation of relevant legal criteria, and determining the specific language is within the sound discretion of the district court); United States v. Torres, 251 Fed.Appx. 763, 764 (3d Cir. 2007)("'[r]eversal of a conviction on the ground of abuse of discretion for failure to sever an offense under Rule 14 is almost non-existent'")(citation omitted).

Because petitioner can establish neither deficient performance of his appellate counsel nor prejudice, his third claim for §2255 relief also must be denied as a matter of law.

### Certificate of Appealability

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause).

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of a denial of the constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, this court determines that a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 fails to raise a meritorious claim and must be denied as a matter of law.

An appropriate order will follow.

_____
Gustave Diamond
United States District Judge

Date: August 12, 2014

cc: Charles A. Eberle
Assistant United States Attorney

Anthony Johnson, Jr.