# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No.  08-285 |
| ) | |
| ANTHONY JOHNSON, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the court is a motion seeking a sentence reduction under the First Step Act and immediate release filed by counsel on behalf of defendant Anthony Johnson, Jr. ("Johnson") (ECF No. 268). The government filed an expedited response in opposition (ECF No. 271), and defendant filed a reply brief (ECF No. 272). The motion is fully briefed and ripe for disposition.

Factual and Procedural Background

In the pending motion, Johnson is seeking reduction in three terms of imprisonment imposed by the court in 2018 for violations of his supervised release. Johnson completed his original sentence on the underlying counts of conviction.

Johnson was charged in Counts One and Two of the superseding indictment with possession with intent to distribute 5 or more grams of cocaine base (crack cocaine) on August 23, 2007 and March 5, 2008, respectively, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (collectively, the "crack cocaine offenses"). Johnson was charged in Count Three of the superseding indictment with possessing a firearm in furtherance of the March 2008 drug trafficking crime, in violation of 18 U.S.C. § 924(c) (the "firearm offense"). Johnson was

convicted on all three charges after a jury trial. On July 14, 2010, Johnson was sentenced to a term of imprisonment of 120 months, consisting of 60 months at each of the crack cocaine offenses, to be concurrently served, and 60 months at the firearm offense, to run consecutive to the terms imposed at the crack cocaine offenses, as required by statute. Upon release, defendant was sentenced to a term of supervised release of 5 years at each of Counts One, Two and Three of the Superseding Indictment, to be concurrently served. Of note, the sentencing judge rejected the 100-to-1 crack-to-powder cocaine ratio on policy grounds pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007), and calculated an alternative guideline range using a 1-to-1 ratio. (Tentative Findings, ECF No. 151 at 3-4). The court imposed the then-applicable statutory mandatory minimum sentence at the crack cocaine offenses.

The case was reassigned to this member of the court in April 2018. The probation office filed a petition to revoke Johnson's supervision and filed numerous supplemental petitions to allege additional violations by Johnson. On July 16, 2018, after a hearing, the court found that Johnson violated his conditions by, among other things, committing other crimes, including possession with intent to deliver controlled substances; and testing positive for marijuana on numerous occasions. Most troubling, in April 2018, Johnson physically assaulted a person he believed testified against him. The victim testified and a video of the incident was played at the hearing. (Transcript, ECF No. 253).

The court revoked Johnson's supervised release and imposed a sentence of 50 months of imprisonment at Count Three, and 36 months of imprisonment at Counts One and Two, all to be concurrently served, followed by a new term of supervised release of 5 years at Counts One and

Two and 10 months at Count Three to follow, all to concurrently run. (Revocation Judgment, ECF No. 236).[1]

The advisory guideline range of imprisonment upon revocation was driven by the firearm offense because it yielded the lengthiest sentence. (Violation Worksheet, ECF No. 228). Count Three (possession of a firearm in furtherance of drug trafficking) is a Class A felony because it is punishable by up to life imprisonment. 18 U.S.C. § 3559(a)(1); 18 U.S.C. § 924(c). The convictions at Counts One and Two (the crack cocaine offenses) were treated as Class B felonies. (Violation Worksheet, ECF No. 228). Because the court found that Johnson committed three Grade A violations of his supervised release for the Class A felony at Count Three, the advisory guideline range was 46-57 months of imprisonment. U.S.S.G. § 7B1.4. The court imposed a prison term within the advisory range at Count Three and at the statutory maximum at Counts One and Two.

Johnson appealed. On August 14, 2019, the Court of Appeals for the Third Circuit affirmed Johnson's sentence (ECF No. 262). In particular, the court of appeals affirmed this court's findings that the firearm offense was a Class A felony and that Johnson committed Grade A violations of his supervised release and applied the proper advisory guideline range. Johnson's projected release date is November 14, 2021.

Legal Analysis

In the pending motion, Johnson seeks relief under § 404 of the First Step Act. His argument proceeds in two phases. First, he argues that his convictions at Counts One and Two are "covered offenses" because they relate to crack cocaine. Further, the reclassification of those

---

[1] As the government points out, the court stated orally that the term of supervised release was 5 years at each count. (ECF No. 263 at 128).

offenses in the First Step Act has a residual impact on Johnson's supervised release violation because they are now Class C felonies, rather than Class B felonies. Second, Johnson argues that he is entitled to a de novo resentencing on all counts and immediate release. Johnson seeks expedited release due to the Covid-19 pandemic and his alleged inability to obtain effective medical treatment for his back and neck conditions while in custody.

The government filed a response in partial opposition to the motion. The government concedes that Johnson's offenses of conviction at Counts One and Two qualify for relief under the First Step Act and agrees that the terms of imprisonment imposed for the violation of supervised release at those counts should be reduced to 24 months. The government contends, however, that Johnson is not entitled to resentencing or immediate release. The government argues that the First Step Act did not impact Johnson's conviction at the firearm offense, and the sentence for his supervised release violation at Count Three should remain unchanged.

### A. Covered Offense

To be eligible for relief under the First Step Act, the defendant must have committed a "covered offense." Pub. L. 115-391 § 404(6). A "covered offense" is (1) a violation of a federal criminal statute; (2) for which the penalties were modified by §§ 2 or 3 of the Fair Sentencing Act of 2010; (3) that was committed before August 3, 2010. *Id*. § 404(a).

In Counts One and Two, Johnson was convicted of offenses involving "5 grams or more" of crack cocaine. Pursuant to the First Step Act, 21 U.S.C. § 841(b)(1)(C) now provides for a sentencing range of up to 20 years if an offense involved less than 28 grams (or an unspecified amount) of crack cocaine. If Johnson were still serving his original sentence, he would clearly be eligible for relief under the First Step Act.

4

The complication in this case is that Johnson already completed his term of imprisonment with respect to his underlying sentence. Johnson argues that his crack cocaine convictions had a residual impact on his sentence for the supervised release violations.

The court agrees with Johnson. If the Fair Sentencing Act had been in effect at the time Johnson committed the crack cocaine offenses in Counts One and Two (involving 5 grams or more of crack cocaine), they would have been Class C felonies because the maximum term of imprisonment would have been more than 10 but less than 25 years. 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(b)(1)(C). Pursuant to 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment that may be imposed for supervised release violations with respect to Class C felonies is 24 months, rather than 36 months for Class B felonies. In addition, pursuant to 18 U.S.C. § 3583(b), the maximum additional term of supervision that may be imposed for violations with respect to Class C felonies is 3 years, rather than 5 years for Class B felonies. In sum, if the Fair Sentencing Act had been in effect at the time of Johnson's crack cocaine offenses, his maximum term of imprisonment for the supervised release violations at each of those counts would have been 24 months and the maximum new term of supervision would have been 36 months.

In *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019), the court concluded that because a revocation sentence is a component of the underlying original sentence for the drug conviction, a person serving a revocation sentence is eligible for relief under the First Step Act. The court agrees with this analysis. Johnson is serving a revocation sentence based, in part, on his crack cocaine offenses. Because Counts One and Two qualify as "covered offenses," the court will reduce the sentences it imposed for Johnson's supervised release violations at those counts.

B. Term of Imprisonment

Even if a defendant committed a "covered offense," the court has discretion on whether to reduce sentences under the First Step Act. *Id*. § 404(c).  Section 404 of the First Step Act made the Fair Sentencing Act of 2010 retroactive, authorizing a district court to impose a reduced sentence for crack cocaine convictions "as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, 5222.  The government agrees that Johnson's terms of imprisonment at Counts One and Two should be reduced to 24 months.  The court will do so.

The court recognizes that it has the authority to resentence Johnson at Count Three. *United States v. Miller*, 594 F.3d 172, 181–82 (3d Cir. 2010). The court, however, declines to exercise its discretion to reduce his prison sentence at Count Three under the circumstances of this case, for the reasons set forth below.  A de novo sentencing hearing is not necessary.

The purposes of the First Step Act would not be advanced by resentencing at Count Three.  The First Step Act was intended, in relevant part, to address the sentencing disparity between crack and powder cocaine offenses.  Section 404(a), Pub. L. 115-391, 132 Stat. 5194, 5222.  That disparity, and the crack cocaine offenses at Counts One and Two, had no impact on Johnson's sentence of imprisonment for the supervised release violation.[2]  Count Three (possession of a firearm in furtherance of drug trafficking) is clearly not a "covered offense" under the First Step Act, as Johnson recognizes. (ECF No 268 at 8-9) (seeking a reduced prison term at the § 924(c) count "if this Court deems it appropriate."); (ECF No. 272 at 2) ("Johnson is serving a sentence for both covered and non-covered offenses.").

---

[2] In this case, the crack and powder cocaine disparity also had limited impact on Johnson's underlying sentence because the sentencing judge applied a 1 to 1 ratio,  ECF No. 151, although the judge imposed the then-applicable statutory mandatory minimum of 5 years in prison for the crack cocaine offenses.

The supervised release prison term was imposed based upon Johnson's conduct while on supervision and the advisory guideline range at Count Three. The court considered the evidence presented at the revocation hearing, the §3553 sentencing factors, and the advisory guideline range for a revocation sentence at Count Three and determined that a term of imprisonment of 50 months was appropriate. The court of appeals affirmed that sentence. The court adheres to its decision, for the reasons it set forth on the record at that time, in particular, his violent assault on another person. (Transcript, ECF No. 253). In short, Johnson poses a danger to the community if released.

Because the term of imprisonment at Count Three concurrently runs and is longer than the prison sentences at the crack cocaine offenses, Johnson's actual term of imprisonment will remain the same. He, therefore, will remain incarcerated.

Because the court concludes that Johnson is not entitled to immediate release, his request for expedited briefing and consideration of his motion in light of the Covid-19 pandemic, ECF No. 268 at 16-20, is moot.[3] To the extent that Johnson is advancing an independent motion for compassionate release under the First Step Act (which he disavows in his reply brief, ECF No. 272 at 5), the court lacks jurisdiction to consider it. In *United States v. Raia*, No. 20-1033, 2020 WL 1647922 (3d Cir., Apr. 2, 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons ("BOP") to respond to a request for release. Johnson's motion does not establish that he exhausted his administrative remedies. Johnson's back and neck pain, while regrettable, fall far short of the kinds of "extraordinary and compelling reasons," as defined in U.S.S.G. §1B1.13, Application Note 1, that would warrant compassionate release from incarceration.

---

[3] Expedited briefing and resolution of the motion, in fact, occurred.

In summary, the court will issue an amended revocation judgment. Johnson will be sentenced to a term of imprisonment of 24 months at each of Counts One and Two, and 50 months at Count Three, all to concurrently run. Johnson is not entitled to immediate release.

C. Term of Supervised Release

Neither party directly addressed the length of Johnson's new terms of supervised release when he is released from prison. Johnson seeks a "term of supervised release deemed appropriate by this Court." (ECF No. 268 at 20). The government argues that the 5-year term of supervised release at each count should remain in place, based on the court's oral pronouncement at the revocation hearing. (ECF No. 253 at 128). The government contends that this oral statement takes precedence over the written judgment,[4] which imposed a term of supervised release of 5 years at each of Counts One and Two and 10 months at Count Three, all to concurrently run. (Revocation Judgment, ECF No. 239). The government did not address, however, whether a 5-year term of supervised release remains appropriate in light of its concession that Johnson should be resentenced on the crack cocaine offenses.

The court concludes that Johnson is entitled to a reduction in his new terms of supervised release imposed with respect to Counts One and Two. Pursuant to 18 U.S.C. § 3583(h) (Supervised release following revocation), when supervised release is revoked and a defendant is sentenced to a term of imprisonment followed by a new term of supervised release after imprisonment, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of

---

[4] *See United States v. Faulks*, 201 F.3d 208, 211 (3d Cir. 2000) ("A long line of cases provides that when the two sentences are in conflict, the oral pronouncement prevails over the written judgment.").

supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."

In the revocation judgment, the court imposed a new term of supervision of 5 years at each of the crack cocaine offenses, based on their classification at Class B felonies, and a term of 10 months at Count Three, all to concurrently run. As explained above, if the Fair Sentencing Act had been in effect at the time of Johnson's crimes, the crack cocaine offenses would be regarded as Class C felonies. Although a term of supervised release up to life may be imposed for drug convictions, 21 U.S.C. § 841(b)(1)(C), the maximum new term of supervised release imposed after revocation of supervised release would be 36 months. 18 U.S.C. § 3583(b) (maximum additional term of supervision that may be imposed for violations with respect to Class C felonies is 3 years). The maximum term of supervised release that may be imposed at Count Three remains 10 months (the 60-month statutory maximum pursuant to § 3583(b) minus the 50-month term of imprisonment imposed). §3583(h).

The terms of supervised release after Johnson is released from prison are driven by Johnson's crack cocaine offenses. The court has authority under the First Step Act to reconsider the length of the new terms of supervised release to be imposed. If the Fair Sentencing Act were in effect at the time the covered offenses were committed, Johnson would have been sentenced to a new term of supervised release of 36 months at each of Counts One and Two and 10 months at Count Three, all to concurrently run. The court concludes that these terms of supervised release are appropriate. An amended revocation judgment will be entered.

Conclusion

Johnson was sentenced to a term of imprisonment of 50 months within the advisory guideline for his supervised release violations based on his firearm conviction. The court adheres to that determination. The crack cocaine convictions played no part in the court's calculation or imposition of an appropriate term of imprisonment for the supervised release violation at the firearm offense.

By contrast, the new terms of supervision are controlled by the crack cocaine offenses. The court imposed new 5-year term of supervised release for Counts One and Two, because the crack cocaine convictions were classified as Class B felonies. Because the crack cocaine convictions would have been Class C felonies if the Fair Sentencing Act had been in effect, the maximum length of the new term of supervised release would have been 36 months at each of those counts. The new terms of supervised release will be modified to reflect that change.

For the reasons set forth above, Johnson's motion for relief under the First Step Act (ECF No. 268) will be GRANTED IN PART with respect to the sentences at Counts One and Two and DENIED IN PART with respect to immediate release and the term of imprisonment at Count Three. The court will issue a revised judgment.

An appropriate order will be entered.

Dated: April 27, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge