# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.   08-285 |
| | ) | |
| ANTHONY JOHNSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Pending before the court is a motion for reconsideration (ECF No. 276) filed by counsel on behalf of defendant Anthony Johnson, Jr. ("Johnson").  Johnson seeks reconsideration of the court's opinion, order and amended judgment entered April 27, 2020 (ECF Nos. 273-275), which granted in part and denied in part Johnson's request for a sentence reduction under § 404 of the First Step Act.  The government filed an expedited response in opposition (ECF No. 278).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Bootay v. KBR, Inc.</u>, 437 F. App'x 140, 146-47 (3d Cir. 2011) (citing <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985)). Though not explicitly provided for in the Federal Rules of Criminal Procedure, "motions for reconsideration may be filed in criminal cases." <u>United States v. Fiorelli</u>, 337 F.3d 282, 286 (3d Cir. 2003). Courts apply the same standards to motions for reconsideration filed in criminal and civil cases. <u>United States v. Lawrence</u>, Civ. Action No. 3:13-41, 2015 WL 9027037, at *8 (W.D. Pa. Dec. 15, 2015); <u>United States v. Korbe</u>, Crim. Action No. 2:09-05, 2010 WL 2891509, at *1 (W.D. Pa. July 21, 2010); <u>United States v. Croce</u>, 355 F. Supp. 2d 774, 775 n.1 (E.D. Pa. 2005).

In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked

arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).  There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); Allah v. Ricci, 532 F. App'x 48, 51 (3d Cir. 2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  A motion for reconsideration is not to be used to relitigate, or "rehash," issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991).  A motion for reconsideration is not to be used as a way to advance additional arguments that the litigant could have made or as an opportunity for a litigant, having lost, to change theories of the case. Bell v. City of Phila., 275 F. App'x 157, 160 (3d Cir. 2008); Spence v. City of Phila., 147 F. App'x 289, 291-92 (3d Cir. 2005); Bhatnagar, 52 F.3d at 1231; Trenton v. Scott Paper Co., 832 F.2d 806, 810 (3d Cir. 1987); Miller v. Court of Common Pleas of Erie Cnty., No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. Jan. 10, 2014).

In this case, Johnson did not point to a change of law or new evidence and therefore presumably asserts clear error and manifest injustice.  Johnson contends that the court erred by

2

failing to give adequate consideration to the § 3553(a) sentencing factors, including his back pain, and by considering Johnson's motion under the more stringent standards applicable to requests for compassionate release (ECF No. 276 at 2).  The court will address each of those contentions.

1.   Application of the § 3553(a) Factors

The court specifically considered the § 3553(a) factors in denying Johnson's First Step Act motion.  As an initial matter, as explained in the April 27, 2020 opinion, the court agreed with Johnson (over the government's opposition) that he was entitled to a de novo resentencing on all counts.  The court stated:

> The court recognizes that it has the authority to resentence Johnson at Count Three.  *United States v. Miller*, 594 F.3d 172, 181–82 (3d Cir. 2010). The court, however, declines to exercise its discretion to reduce his prison sentence at Count Three under the circumstances of this case, for the reasons set forth below.

(Opinion, ECF No. 273 at 6).

Johnson objects to the court's decision to not reduce his prison term at Count Three.  The court described at length the reasons why it declined to exercise its discretion to impose a reduced term of imprisonment at Count Three.  Johnson's supervised release was revoked and his sentence was imposed after an evidentiary hearing on July 16, 2018.  In the April 27, 2020 opinion, the court summarized the evidence presented at that hearing, including Johnson's physical assault on a person he believed testified against him.  The court expressly stated that it had considered the § 3553(a) sentencing factors in determining that a term of imprisonment of 50 months at Count Three was appropriate and that the court of appeals affirmed Johnson's revocation sentence.  (Opinion, ECF No. 273 at 7).

In the April 27, 2020 opinion, the court specifically incorporated by reference the transcript of its previous analysis of the § 3553(a) sentencing factors, stating: "The court adheres to its decision, for the reasons it set forth on the record at that time, in particular, his violent assault on another person.  (Transcript, ECF No. 253)."  (Opinion, ECF No. 273 at 7).  The transcript is electronically filed and part of the record.  (Transcript, ECF No. 253).  It is not necessary to "cut and paste" lengthy portions of a transcript into a subsequent opinion.  United States v. Moten, 617 F. App'x 186, 189 n.2 (3d Cir. 2015) (discussion incorporated by reference).  In declining to reduce Johnson's prison term at Count Three in response to the First Step Act motion, the court reiterated:  "Johnson poses a danger to the community if released."  (Opinion, ECF No. 273 at 7).  The court adheres to its consideration of the § 3553(a) sentencing factors at the time of the revocation hearing and as incorporated in its April 27, 2020 opinion.

2.  Back Pain

The court did not fail to consider Johnson's back and neck pain in resolving the First Step Act motion.  To the contrary, the court explicitly acknowledged in the April 27, 2020 opinion that Johnson sought release based on his "alleged inability to obtain effective medical treatment for his back and neck conditions while in custody."  (Opinion, ECF No. 273 at 4).

The court was well aware of Johnson's back and neck pain because it was the subject of numerous status conferences.  The court specifically considered his back pain at the revocation hearing (ECF No. 253 at 121, 126, 128-130).  The court's evaluation of his medical condition as a § 3553(a) sentencing factor during the revocation hearing was incorporated by reference in the April 27, 2020 opinion, as explained above.  The court specifically commented in the April 27, 2020 opinion that Johnson's back and neck pain was regrettable, but did not justify his release

from imprisonment.  (Opinion, ECF No. 273 at 7).  To the extent it was unclear, the court clarifies that it considered Johnson's back and neck pain in consideration of his motion for relief under § 404 of the First Step Act, in addition to whether it would constitute a basis for compassionate release.  Despite his complaints of back and neck pain, Johnson poses a danger to the community if released and a 50-month term of imprisonment at Count Three is sufficient but no greater than necessary to fulfill the sentencing purposes.

### 3.  Legal Standards

The court applied the correct legal standards.  It recognized that "[i]n the pending motion, Johnson seeks relief under § 404 of the First Step Act."  (Opinion, ECF No. 273 at 3).  The court concluded that Johnson's crack cocaine convictions were covered offenses which entitled him to relief under § 404 of the First Step Act, even though he was serving a sentence for supervised release violations.  The court explained that the purposes of the First Step Act would not be advanced by resentencing at Count Three because the firearm charge is not a covered offense and the crack/powder cocaine disparity had no impact on his revocation sentence at that count.  (Opinion, ECF No. 273 at 6-7).  The court reduced Johnson's term of supervised release at Counts One and Two under § 404 of the First Step Act to 3 years at each count.  The court also resolved the discrepancy between the oral and written judgment at Count Three to reflect the statutory requirement that the 50-month term of imprisonment at Count Three must be deducted from the 60-month statutory maximum term of supervised release – resulting in a term of supervised release of 10 months at Count Three.  The court ordered the terms of supervised release at all counts to run on a concurrent basis.

The court addressed "compassionate release" in the exercise of caution in the April 27, 2020 opinion because Johnson devoted a substantial part of his initial motion to the urgency of the Covid-19 pandemic (ECF No. 268 at 1, 16-20).   The court recognized that Johnson disavowed a motion for compassionate release in his reply brief, and instructed him that before the court could consider such a motion, he must exhaust his administrative remedies.  (Opinion, ECF No. 273 at 7) ("To the extent that Johnson is advancing an independent motion for compassionate release under the First Step Act (which he disavows in his reply brief, ECF No. 272 at 5), the court lacks jurisdiction to consider it.") (citing United States v. Raia, No. 20-1033, 954 F.3d 594 (3d Cir., Apr. 2, 2020)).  In sum, the court did not apply "compassionate release" standards to Johnson's § 404 motion.

Conclusion

The court adheres to its determination on April 27, 2020, that Johnson's motion for relief under the First Step Act should be granted in part, with respect to the sentences at Counts One and Two, and denied in part, with respect to immediate release and the term of imprisonment at Count Three.  The court adheres to its decision that the amended judgment imposed on April 27, 2020, is appropriate.

A term of imprisonment of less than 50 months for Johnson's supervised release violations based on his firearm conviction at Count Three is not warranted. In reaching that determination, the court properly applied the legal standards governing claims under § 404 of the First Step Act, considered Johnson's back pain, and incorporated by reference its application of the § 3553(a) sentencing factors as set forth on the record during the revocation hearing. Johnson's motion for reconsideration (ECF No. 276) is therefore without merit and will be DENIED.

An appropriate order will be entered.

Dated:  May 13, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge