IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | Criminal No. 2:08-285 |
| v. | |
| ANTHONY JOHNSON, | |
| *Defendant*. | |

# **OPINION**

## I.   Introduction

Pending before the Court is a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed by defendant Anthony Johnson ("Johnson") (ECF No. 283). Johnson filed an addendum attaching the results of a November 4, 2020 nerve conduction study (ECF No. 292). The federal public defender's office notified the court by email that it would not be filing a counseled supplement to the pro se motion. The government filed a response in opposition to the motion (ECF No. 291), Johnson filed a reply on January 5, 2021 (ECF No. 295)[1], and the motion is now ripe for disposition.

In the motion, Johnson argues that he is entitled to compassionate release due to COVID-19 because of the risks posed by the combination of his medical conditions, which are: (1) hypertension; and (2) neck and back injuries. Johnson argues that his neck and back injuries prevent him from exercising, which will cause his hypertension to worsen (ECF No. 295). The government concedes that the motion is ripe for disposition by the court, but argues that Johnson

---
[1] Johnson's motion to receive a copy of the government's response (ECF No. 293) will therefore be denied as moot.

failed to establish any extraordinary and compelling reason for release and that release would not be consistent with the applicable policies or the § 3553 sentencing factors. In particular, the government contends that Johnson poses a danger to the community.

## II.     Procedural History

Johnson is serving a 50-month term of imprisonment imposed for violating the terms of his supervised release. The procedural history was recently recounted in April 2020, in the court's opinion and order granting in part and denying in part Johnson's motion (by counsel) for a sentence reduction under § 404 of the First Step Act (ECF Nos. 473, 474, 475):

> Johnson was charged in Counts One and Two of the superseding indictment with possession with intent to distribute 5 or more grams of cocaine base (crack cocaine) on August 23, 2007 and March 5, 2008, respectively, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (collectively, the "crack cocaine offenses"). Johnson was charged in Count Three of the superseding indictment with possessing a firearm in furtherance of the March 2008 drug trafficking crime, in violation of 18 U.S.C. § 924(c) (the "firearm offense"). Johnson was convicted on all three charges after a jury trial. On July 14, 2010, Johnson was sentenced to a term of imprisonment of 120 months, consisting of 60 months at each of the crack cocaine offenses, to be concurrently served, and 60 months at the firearm offense, to run consecutive to the terms imposed at the crack cocaine offenses, as required by statute. Upon release, defendant was sentenced to a term of supervised release of 5 years at each of Counts One, Two and Three of the Superseding Indictment, to be concurrently served. Of note, the sentencing judge rejected the 100-to-1 crack-to-powder cocaine ratio on policy grounds pursuant to Kimbrough v. United States, 552 U.S. 85 (2007), and calculated an alternative guideline range using a 1-to-1 ratio. (Tentative Findings, ECF No. 151 at 3-4). The court imposed the then-applicable statutory mandatory minimum sentence at the crack cocaine offenses.
>
> The case was reassigned to this member of the court in April 2018. The probation office filed a petition to revoke Johnson's supervision and filed numerous supplemental petitions to allege additional violations by Johnson. On July 16, 2018, after a hearing, the court found that Johnson violated his conditions by, among other things, committing other crimes, including possession with intent to deliver controlled substances; and testing positive for marijuana on numerous occasions. Most troubling, in April 2018, Johnson physically assaulted a person he believed testified against him. The victim testified and a video of the incident was played at the hearing. (Transcript, ECF No. 253).

> The court revoked Johnson's supervised release and imposed a sentence of 50 months of imprisonment at Count Three, and 36 months of imprisonment at Counts One and Two, all to be concurrently served, followed by a new term of supervised release of 5 years at Counts One and Two and 10 months at Count Three to follow, all to concurrently run. (Revocation Judgment, ECF No. 236).
>
> The advisory guideline range of imprisonment upon revocation was driven by the firearm offense because it yielded the lengthiest sentence. (Violation Worksheet, ECF No. 228). Count Three (possession of a firearm in furtherance of drug trafficking) is a Class A felony because it is punishable by up to life imprisonment. 18 U.S.C. § 3559(a)(1); 18 U.S.C. § 924(c). The convictions at Counts One and Two (the crack cocaine offenses) were treated as Class B felonies. (Violation Worksheet, ECF No. 228). Because the court found that Johnson committed three Grade A violations of his supervised release for the Class A felony at Count Three, the advisory guideline range was 46-57 months of imprisonment. U.S.S.G. § 7B1.4. The court imposed a prison term within the advisory range at Count Three and at the statutory maximum at Counts One and Two.
>
> Johnson appealed. On August 14, 2019, the Court of Appeals for the Third Circuit affirmed Johnson's sentence (ECF No. 262). In particular, the court of appeals affirmed this court's findings that the firearm offense was a Class A felony and that Johnson committed Grade A violations of his supervised release and applied the proper advisory guideline range. Johnson's projected release date is November 14, 2021.

ECF No. 273.

In declining to reduce Johnson's prison term at count 3 pursuant to § 404 of the First Step Act, the court considered the § 3553 sentencing factors, Johnson's medical conditions, and whether he qualified for compassionate release. Johnson's counsel filed a motion for reconsideration. In denying the motion for reconsideration, the court explained (as relevant to the pending motion) that: (1) it agreed with Johnson (over the government's opposition) that he was entitled to a de novo resentencing, but declined to reduce his sentence at count 3 after weighing the § 3553(a) factors; (2) it considered Johnson's alleged inability to obtain effective medical treatment for his back and neck conditions while in custody; and (3) it addressed compassionate release in the exercise of caution because Johnson devoted a substantial part of his initial motion to the urgency of the COVID-19 pandemic, but recognized that Johnson must exhaust his administrative remedies

3

before the court could consider such a motion (ECF Nos. 281, 282). The court determined that despite his back and neck pain, Johnson was a danger to the community and a term of imprisonment of 50 months at count 3 was appropriate. Johnson did not appeal the court's ruling.

Johnson requested compassionate release due to COVID-19 from the warden on May 14, 2020. The request was rejected on May 20, 2020. The response reflected that Johnson was not recommended for release due to health concerns and that his release would pose a danger to the community (ECF No. 291-2). Johnson waited more than 30 days before seeking relief in court. The government concedes that Johnson's motion for compassionate release is now ripe to be decided by the court.

Johnson is currently incarcerated at USP-Canaan, a high-security penitentiary in Waymark, Pennsylvania. https://www.bop.gov/locations/institutions/caa/, last visited January 25, 2021. There are 1,118 inmates at the facility. The Bureau of Prisons ("BOP") website reflected that on January 25, 2021, there were 22 inmates and 9 staff with active cases of COVID-19. https://www.bop.gov/coronavirus/index.jsp, last visited January 25, 2021. Johnson is now 32 years old. His projected release date is November 14, 2021.

### III. Discussion

#### A. Applicable Law

Johnson seeks compassionate release from imprisonment. A district court has only limited authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013). The Third Circuit Court of Appeals has recognized that Congress enacted exceptions to this "general rule of finality" in 18 U.S.C. § 3582(c)(1). United States v. Easter, 975 F.3d 318, 323 (3d Cir. 2020) (explaining that "[s]entence

modifications under § 3582(c) constitute 'exception[s] to the general rule of finality' of sentences") (quoting Dillon v. United States, 560 U.S. 817, 824 (2010)).

Section 3582(c)(1)(A) provides:

**(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). The foregoing statutory provision sets forth a *three-part analysis* for district courts to utilize to resolve a motion for compassionate release. The Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release … if it finds that … extraordinary and compelling reasons warrant such a reduction.'" United States v.

5

Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "[B]efore granting compassionate release," however, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)). The court must also consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission, 18 U.S.C. § 3582(c)(1)(A). United States v. Doe, No. 20-2650, 2020 WL 6328203, at *1, n.2 (3d Cir. Oct. 29, 2020).

Based upon the foregoing, to grant Johnson compassionate release under § 3582(c)(1)(A), the court must analyze whether: (1) extraordinary and compelling reasons exist for his release; (2) compassionate release is warranted in consideration of the § 3553(a) factors;[2] and (3) compassionate release is consistent with applicable policy statements issued by the Sentencing Commission.

Johnson bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at

---

[2]   The factors set forth in 18 U.S.C. § 3553(a) are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

*16 (E.D. Pa. July 6, 2020)). Courts have held that to satisfy this burden, a movant must produce evidence to the court. See e.g., United States v. Matthews, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020); United States v. Brunetti, Crim. Action No. 2020 WL 4516541, at *6 (E.D. Pa. July 31, 2020); United States v. Richardson, Crim. No. 18-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020).

### B. Extraordinary and Compelling Reasons

Prior to the enactment of the First Step Act on December 21, 2018, only the Director of the BOP could file a motion for a sentence reduction under §3582(c)(1)(A)(i). Ray v. Finley, No. 3:19-CV-0988, 2019 WL 5569616, at *3 (M.D. Pa. Oct. 29, 2019). The First Step Act amended § 3582(c)(1)(A), which now provides that "a motion for reduction in sentence may be filed by either the Director of the BOP or a federal inmate" after the federal inmate exhausts administrative remedies. Id.

"Congress did not define 'extraordinary and compelling reasons' except to provide 'rehabilitation…alone' does not suffice." Adeyemi, 2020 WL 3642478, at *7 (quoting 28 U.S.C. § 994(t)). The Third Circuit Court of Appeals has explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement U.S.S.G. § 1B1.13." United States v. Handerhan, No. 19-1904, 789 F. App'x 924, 925 (3d Cir. 2019) (citing United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012)). "That commentary currently lists four categories of such reasons: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." Id. (quoting U.S.S.G. § 1B1.13 cmt. n.1.). The court in Adeyemi explained the first three categories as follows:

> The first category includes incarcerated persons suffering from terminal illnesses, such as metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia, or those suffering from medical

7

conditions, impairments, or deteriorations due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."…The second category includes incarcerated persons who are at least sixty-five years old, experience a serious deterioration in physical or mental health because of the aging process; and have served at least ten years or seventy-five percent of their term of imprisonment, whichever is less….The third extraordinary and compelling reason may arise where the primary caregiver of the incarcerated person's minor child or children died or became incapacitated or where the incarcerated person's spouse became incapacitated and he is the only available caregiver for the spouse.

Adeyemi, 2020 WL 3642478, at *7 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)-(C)).

The court of appeals in Handerhan explained that "[t]he Sentencing Commission has not yet amended § 1B1.13 or its commentary to account for the First Step Act…[and] the District Courts are divided on whether and how to apply the catch-all 'other reasons' category and its reference to determinations made by the Director." Handerhan, 789 F. App'x. at 925 n.1 (citing United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019)). While U.S.S.G. § 1B1.13 was not updated to reflect the First Step Act amendments, the Commission's policy statement "does not constrain a court's independent assessment about whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." United States v. Somerville, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6-7 (W.D. Pa. May 29, 2020) (holding the court has authority to independently assess whether there are "extraordinary and compelling reasons" to reduce a defendant's sentence).[3]

---

[3]   This is the conclusion shared by a "vast majority" of courts that considered "whether courts may independently evaluate extraordinary and compelling reasons to reduce sentences" under the catchall provision of U.S.S.G. § 1B1.13. Adeyemi, 2020 WL 3642478, at *10 (collecting decisions); United States v. Andrews, Crim. Action No. 05-280-02, 2020 WL 4812626, at *3 (E.D. Pa. Aug. 19, 2020) (finding that district courts "overwhelmingly conclude that a court can make an independent determination of what constitutes extraordinary and compelling reasons"). For example, the court in Adeyemi explained that the directive in U.S.S.G. § 1B1.13 that the Director of the BOP determines whether "other reasons" exist for the compassionate release of a defendant is not authoritative because it contradicts with the plain language of 18 U.S.C. § 3582(c)(1)(A), which requires the court to find extraordinary and compelling reasons for a defendant's release. Adeyemi, 2020 WL 3642478, at *14-15 (citing United States v. LaBonte, 520 U.S. 751, 764

"The starting point in discerning congressional intent is the existing statutory text[.]" <u>Lamie v. U.S. Tr.</u>, 540 U.S. 526, 534 (2004). "Extraordinary and compelling" is not defined by statute, and, therefore, the court must give the terms their "'ordinary meaning.'" <u>United States v. Diallo</u>, 575 F.3d 252, 256 (3d Cir. 2009) (quoting <u>Moskal v. United States</u>, 498 U.S. 103, 108 (1990)). The court in <u>Somerville</u> explained:

> The word "extraordinary" is commonly understood to mean "going beyond what is usual, regular, or customary," or "exceptional to a very marked extent." *Extraordinary*, Merriam-Webster Dictionary (2020); <u>see also</u> *Extraordinary*, Black's Law Dictionary (11th ed. 2019) ("Beyond what is usual, customary, regular, or common.").
>
> The word "compelling" means "forceful," "demanding attention," or "convincing." *Compelling*, Merriam-Webster Dictionary (2020); <u>see also</u> *Compelling Need*, Black's Law Dictionary (11th ed. 2019) ("A need so great that irreparable harm or injustice would result if it is not met.").
>
> Thus, at a minimum, § 3582(c)(1)(A)(i) requires a justification for release that is both unusual (i.e., unique to the inmate, and beyond the ordinary hardship of prison) and significant (i.e., serious enough to make release appropriate).

<u>Somerville</u>, 2020 WL 2781585, at *7.

### i. COVID-19

The court in <u>Somerville</u> discussed a two-part analysis to determine whether the COVID-19 pandemic represents an extraordinary and compelling reason for a defendant's release. The court explained:

> While the Third Circuit has not articulated a definitive standard to be applied to § 3582(c) motions in this context, it has observed generally that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" <u>United States v. Roeder</u>, 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020). From that, the Court infers that a prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a ***uniquely high risk*** of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held.

---

(1997); <u>Stinson v. United States</u>, 508 U.S. 36, 37 (1993)).

Somerville, 2020 WL 2781585at *4. (emphasis added). The court adopts and will apply that two-part test to determine whether Johnson set forth extraordinary and compelling reasons for his release based upon his medical conditions and the situation at USP Canaan during the COVID-19 pandemic. In sum, Johnson has the burden to show that: (1) he suffers from a sufficiently serious medical condition, or advanced age, that places him at a uniquely high risk of grave illness or death if infected by COVID-19 (extraordinary); and (2) there exists an actual, non-speculative risk of exposure to COVID-19 at USP Canaan (compelling).

      a. Whether Johnson faces a uniquely high risk from COVID-19

In his motion, Johnson contends that he is at uniquely high risk of grave illness or death from COVID-19 because of his medical conditions, which are high blood pressure (hypertension), cervical radiculitis, herniated disk, lumbar radiculopathy, degenerated disk disease and hypertrophic osteophyte (ECF No. 283 at 4-5). Johnson provided one medical record with his motion, a November 2020 nerve conduction study, which the court reviewed. Both parties agree that Johnson's hypertension is being treated by medication.

The government argues that Johnson did not meet his burden to demonstrate extraordinary and compelling reasons for compassionate release. The government contends that although "pulmonary hypertension" leads to increased risk for severe symptoms from COVID-19, that condition is distinct from high blood pressure (ECF No. 291 at 9). See United States v. Hammond, No. CR 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020) (defendant did not demonstrate that he has a serious heart condition, such as pulmonary hypertension, that would place him at enhanced risk. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/groups-at-higher-risk.html). The government points out, correctly, that Johnson's neck and back issues have not been identified as COVID-19 risk factors.

The court agrees with the government. On this record, there is no evidence that Johnson's medical conditions pose a uniquely high risk of serious consequences from COVID-19. His age (32) is well below the threshold set in the guidelines policy, U.S.S.G. § 1B1.13. His high blood pressure is being treated by 3 kinds of medication (ECF No. 295). The records provided by Johnson do not establish that he has pulmonary hypertension. His neck and back issues are not identified as risk factors. Johnson did not provide any medical records to demonstrate that his condition is getting worse due to his inability to exercise. In sum, the court concludes that Johnson did not establish that he faces an extraordinary risk from COVID-19.

      b. Risk of exposure at USP Canaan

The court takes judicial notice that there are current cases of COVID-19 at USP Canaan, with 22 inmates and 9 staff testing positive for COVID-19. Although the court recognizes the BOP's significant efforts to minimize and control the spread of the pandemic, it is well-established that it is difficult to engage in social distancing and other mitigation efforts in a congregate setting such as a prison. The court will assume, for purposes of this motion, that there is an actual, non-speculative risk that Johnson will be exposed to COVID-19 at USP Canaan.

      c. Conclusion about COVID-19

The court will assume, for purposes of this motion, that there is an actual risk that Johnson will contract COVID-19 at USP Canaan, but concludes that Johnson failed to establish that he has serious medical conditions that place him at "*uniquely* high risk" of grave illness if he contracts

COVID-19.[4]  Johnson has not shown an extraordinary and compelling reason for his compassionate release.

### IV. Section 3553(a) factors

Even assuming, arguendo, that Johnson articulated extraordinary and compelling reasons, the court would deny his motion. The compassionate release statute states that a court may reduce the term of imprisonment "after" it considers the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A). Even if Johnson established an extraordinary or compelling reason for release, release must also be consistent with the § 3553 factors and guidelines policies. In doing so, the court will consider the most up-to-date picture of the defendant's history and characteristics. *See United States v. Tidwell*, No. CR 94-353, 2020 WL 4504448, at *7 (E.D. Pa. Aug. 5, 2020). Johnson did not provide any evidence of post-sentencing rehabilitation, other than an apology and assertion that he no longer holds ill feelings toward the victim of his assault (ECF No. 283 at 8).

---

[4]  The court notes that the COVID-19 conditions at USP Canaan, alone, do not constitute extraordinary and compelling reasons for Johnson's release. The Third Circuit Court of Appeals has recognized:

> [T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_COVID19.jsp.

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, as the court explained in Somerville, a defendant must show there is an actual risk he or she will contract COVID-19 while incarcerated and that he or she is particularly at-risk of suffering grave illness if he or she contracts COVID-19.

The government emphasizes that Johnson poses a danger to the community if released. The "danger to the community" policy consideration in U.S.S.G. § 1B1.13 is somewhat similar to the § 3553(a)(2)(C) sentencing factor that a sentence "protect the public from further crimes of the defendant." The government argues that Johnson remains a danger to the community based upon his lifelong involvement in crime, beginning at age 13, and his lengthy drug distribution activities. The government also points to the unprovoked and violent attack that resulted in the revocation of Johnson's supervised release. While on supervision, Johnson attacked an individual Johnson believed testified against him. The government points out, accurately, that Johnson committed multiple offenses while on supervision, and argues that it is likely that he would again engage in criminal activity if released.

The court weighed the § 3553(a) factors fairly recently, in April 2020, when declining to reduce Johnson's sentence under § 404 of the First Step Act. The court explained that it considered the evidence presented at the revocation hearing, the §3553 sentencing factors, and the advisory guideline range for a revocation sentence and determined that a term of imprisonment of 50 months was appropriate. The court of appeals affirmed the original revocation sentence and this court again determined that a 50-month term of imprisonment was sufficient, but no greater than necessary to accomplish the sentencing purposes. The court adheres to its decision, for the reasons it set forth on the record multiple times. To repeat, Johnson's serious criminal history and his violent assault on another person, while on supervision, warrant a 50-month prison term to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes by Johnson.

Upon again reexamining the § 3553(a) factors, the court again adheres to its determination. A reduction of his sentence would not be consistent with the statutory sentencing purposes. The sentence was within the guideline range. Restitution is not applicable. The court agrees with the

13

government that based upon his criminal history, Johnson would pose a significant danger to the community if released and that a term of imprisonment of 50 months is warranted.

### V.     Conclusion

Once a court imposes a sentence and it becomes final, it may not be modified unless an exception to the rule of finality applies in the case. Here, Johnson did not satisfy his burden under § 3582(c)(1)(A) to show that an extraordinary and compelling reason warrants his premature compassionate release from imprisonment.  Even assuming Johnson met that burden, compassionate release is not appropriate after consideration of the policies and § 3553(a) factors. His motion for compassionate release (ECF No. 283) will, therefore, be denied.

An appropriate order will be entered.

Dated: January 27, 2021              BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge